# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DR. FRANKLIN THOMPSON, Director of the Omaha Human Rights and Relations Department, on behalf of Nathan M. Bird;<br><br>Plaintiff,<br><br>vs.<br><br>MORGAN PROPERTIES MANAGEMENT COMPANY, LLC; ROSEMARY SPOHN, Esq.; REGENCY LAKESIDE ASSOCIATES, LLC; and NICOLE VOGEL, Property Manager for Regency Lakeside Apartments;<br><br>Defendants. | 8:19CV445<br><br>MEMORANDUM AND ORDER |

This matter is before the court on the Motion to Dismiss, ECF No. 7, submitted by Defendants Morgan Properties Management Company, LLC (Morgan Properties); Rosemary Spohn, Esq; Regency Lakeside Associates, LLC (Regency); and Nicole Vogel. For the following reasons, the Motion is granted.

## BACKGROUND

The following facts are those alleged in the Complaint, ECF No. 1, and the Determination of Reasonable Cause (DRC), ECF No. 1-1, and are assumed true for purposes of this motion.

Nathan M. Bird suffers from a disability that leaves him permanently paralyzed and wheelchair bound. On or about December 13, 2018, Nathan and his wife, Jessey, met with a representative of Regency, owner and operator of an apartment complex in Omaha, Nebraska, regarding the possibility of renting an apartment. The Birds were made aware of a fully accessible unit, but chose not to view it. After viewing a different

ground-floor unit, the Birds informed Regency that Nathan would need a ramp to access the building, due to the steps leading from the sidewalk to the entrance. Regency's representative indicated that the ramp "would not be a problem." Compl. ¶ 15, ECF No. 1. The Birds then applied to rent the apartment. On or about December 28, 2018, the Birds met again with a representative of Regency and signed a lease for the apartment. On or about January 10, 2019, the Birds moved into the apartment.

On or about January 12, 2019, Jessey submitted a written request to Regency—specifically requesting a ramp be installed on the outside of the building. Defendants replied to the Birds in a letter dated January 28, 2019, that they would make other modifications as requested but were "unable to permit installation of a ramp at the front entrance as it is a shared entrance used by other residents." Compl. ¶ 19, ECF No. 1. The letter did, however, permit Nathan to use a temporary ramp that was to be removed and stored in the Birds' unit when it was not in use.

Defendants learned that the Birds were not removing the ramp when it was not in use. On January 30, 2019, Defendants sent the Birds a letter demanding that the ramp be removed when not in use. The letter also informed the Birds that failure to abide by Defendants' conditions would result in the removal and disposal of the ramp by Defendants.

On March 11, 2019, Defendants sent another letter demanding that the ramp be removed when not in use and offered to transfer the Birds to a fully accessible unit. This letter warned that Defendants would remove and dispose of the ramp if it was not removed by the Birds in two days. It also stated that failure to do so was a violation of

the Birds' lease and grounds for termination. A similar letter was sent by Defendants on March 12, 2019.

The temporary ramp was not removed, and there was no further dialogue between the Birds and Defendants. On May 29, 2019, Defendants installed a ramp at the entrance to the Birds' building at no charge to the Birds.

Morgan Properties is the corporate owner and manager of Regency. Nicole Vogel is Regency's property manager. Rosemary Spohn is an attorney who was employed or retained by Morgan Properties.

Dr. Franklin Thompson is the Director of the Omaha Human Rights and Relations Department (OHRD) and brought this action on behalf of Nathan Bird on October 10, 2019. Defendants filed this Motion to Dismiss on December 12, 2019.

## STANDARD OF REVIEW

"In order to properly dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the complaint must be successfully challenged on its face or on the factual truthfulness of its averments." *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993) (citing *Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir. 1990)). "[M]ootness and standing are questions of subject matter jurisdiction." *Doe v. Nixon*, 716 F.3d 1041, 1047 (8th Cir. 2013). "In a facial challenge to jurisdiction, the court presumes all of the factual allegations concerning jurisdiction to be true and will grant the motion only if the plaintiff fails to allege an element necessary for subject matter jurisdiction." *Young Am. Corp. v. Affiliated Comput. Servs.,* 424 F.3d 840, 843-44 (8th Cir. 2005) (citing *Titus*, 4 F.3d at 593). In a factual challenge to jurisdiction, "there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the

case." *Osborn*, 918 F.2d at 730. "In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Iowa League of Cities v. EPA*, 711 F.3d 844, 861 (8th Cir. 2013) (citing *Osborn*, 918 F.2d 724, 730).

"In a facial attack, 'the court restricts itself to the face of the pleadings, and the non-moving party receives the same protections as it would defending against a motion brought under Rule 12(b)(6).'" *Carlsen v. GameStop, Inc.*, 833 F.3d 903, 908 (8th Cir. 2016) (quoting *Osborn*, 918 F.2d at 729 n.6). In other words, the Court must "accept[] as true all facts alleged in the complaint" and consider only the materials that are "necessarily embraced by the pleadings and exhibits attached to the complaint." *Id.* (quoting *Cox v. Mortg. Elec. Registration Sys., Inc.*, 685 F.3d 663, 668 (8th Cir. 2012); *Trooien v. Mansour*, 608 F.3d 1020, 1026 (8th Cir. 2010)).

## DISCUSSION

Dr. Thompson alleges Defendants violated the Fair Housing Act, 42 U.S.C. § 3601 *et seq.* Specifically, he alleges Defendants discriminated against Nathan Bird in violation of 42 U.S.C. § 3604(f)(2), (f)(3)(A) by refusing to permit him, at his own expense, from making reasonable modifications to the premises. Defendants argue that Dr. Thompson and the OHRD lack standing to bring this claim on behalf of Nathan Bird because Nathan never suffered an injury in fact.

In order to establish standing, a plaintiff must show: "(1) he has 'suffered an injury-in-fact'; (2) the injury is 'fairly . . . trace[able] to the challenged action of the defendant'; and (3) it is 'likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.'" *Balogh v. Lombardi*, 816 F.3d 536, 541 (8th Cir. 2016) (quoting

4

*Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992)). An injury in fact "requires a 'concrete and particularized' harm that is 'actual or imminent, not conjectural or hypothetical.'" *Id.* (quoting *Lujan*, 504 U.S. at 560).

Plaintiffs argue that, without a ramp, Nathan was dependent upon others in order to enter or exit the building and that this establishes an injury in fact. However, according to the Complaint, ECF No. 1, and attached DRC, ECF No. 1-1, Nathan was never without a ramp. The DRC states that "[a]ll parties agree the [temporary] ramp was not removed, and Respondent and Complainant denied further dialogue regarding the ramp. Respondent had a ramp installed at the entrance to Complainant's building on May 29, 2019, at no charge to Complainant." ECF No. 1-1, Page ID 12. Therefore, despite the legality of Defendants' refusal to permit the Birds' requested modifications, at no point was Nathan deprived of a ramp to access his building; and Dr. Thompson has not maintained his burden to show that there is standing to bring this case on behalf of Nathan Bird. Accordingly,

IT IS ORDERED:

1. Defendants' Motion to Dismiss, ECF No. 7, is granted;
2. This action is dismissed, with prejudice; and
3. A separate judgment will be entered.

Dated this 15th day of January, 2020.

BY THE COURT:

s/Laurie Smith Camp
Senior United States District Judge